WESTERFIELD, Judge.
This is a suit by the New Orleans Roosevelt Corporation, which is seeking to evict its tenant, Kate Latter. The defendant resisted eviction upon the ground that no proper notice had been given her and pleaded estoppel based upon certain assurances alleged to have been given her that she would not be disturbed in the possession of the premises.
There was judgment below in plaintiff’s favor ordering the defendant to vacate and she has appealed.
It appears that Miss Kate Latter operates a candy store in the premises No. 121 Baronne Street belonging to the plaintiff corporation, where she has been for a number of years under a written lease which had been renewed from time to time and which finally expired September 30, 1945. On June 4, 1945, the plaintiff wrote the following letter to defendant:
“Please be advised we will not renew your lease on the premises known as 121 Baronne Street, covering the termination of your present lease as of September 30th, 1945.
“Your relation with us has been very pleasant over the number of years you have occupied the premises and we regret very much to be compelled to inform you of the above decision.”
Defendant declined to vacate for the reasons which she urges in defense of this suit.
Turning our attention first to the question of estoppel, we find that it is based upon an alleged statement made by-Joseph Samuel, Comptroller of the plaintiff corporation, to the effect that plaintiff would renew the lease at a much increased rental or, in other words, he is said to have told Miss Latter that “You will pay through the nose for it.” There is, however, only Miss Latter’s statement to that effect, since Mr. Samuel on the witness stand denied any knowledge of such conversation. He also denied having any authority to extend the lease. The basis of the claimed estoppel has not been established.
So far as the notice is concerned, defendant’s contention is that since this is a summary proceeding authorized by Section 2155 of the Revised Statutes, as amended by Act No. 55 of 1926 (Section 6597 of Dart’s Louisiana General Statutes), it is necessary that plaintiff fully and strictly comply with the terms of that statute. The section reads in part as follows:
“Proceedings for possession of leased premises. — When any person having leased any house, store or other building, or landed estate, for a term of one or more years, or by the month or otherwise, either verbally or otherwise, shall be desirous of obtaining possession of the said leased premises upon the termination of the lease, either by limitation or by nonpayment of the rent when due, or any other breach of the said lease, he shall demand and *8 require in writing his tenant to remove from and leave the same, allowing him five calendar days from the day such notice is delivered.
“And if the owner or his agent shall be desirous of obtaining the possession of the said leased premises for any other reason or cause, such as, for the purpose of leasing the said premises to another tenant or otherwise, he shall give to the tenant a notice in writing to vacate, ten days before the expiration of the month, if the same be a monthly lease, or thirty days before the expiration of the said lease, if the said lease be in writing, and for a term of one or more years or otherwise, other than by the month.”
The argument advanced is that a five day written notice must be given a tenant after the termination of his lease and that a notice to vacate prior thereto is not a compliance with the statute. This argument is addressed to the first paragraph of the quoted section of the statute. The second paragraph authorizes the landlord who desires to obtain possession of the leased premises for any other reason or cause than that stated in the first paragraph (termination of the lease either by limitation or by nonpayment of the rent or for any other breach of said lease), such as “for the purpose of leasing the said premises to another tenant or otherwise, he shall give to the tenant a notice in writing to vacate, ten days before the expiration of the month, if the same be a monthly lease, or thirty days before the expiration of the said lease, if the said lease be in writing, and for a term of one or more years.”
In the instant case the landlord desired possession of the premises for the purpose of leasing it to someone else, one Max Tobias, for the purpose of conducting a retail liquor store and it seems to us that the letter of the plaintiff corporation, written about four months before the termination of the lease which was for a period of more than one year, and to the effect that the lease would not be renewed at its expiration, was a sufficient compliance with the statute. The mere fact that the word “vacate” is not mentioned in the letter, which defendant’s counsel seems to think important, does not impress us.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANIRER, J., recused.